14-2951
Zhang v. Lynch

BIA
Nelson, IJ
A087 936 608

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

QI ZHANG,
> *Petitioner,*

> v.                                                    14-2951
>                                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Galab B. Dhungana, New York, New York.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Blair T. O'Connor, Assistant Director; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States

Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Zhang, a native and citizen of the People's Republic of China, seeks review of a July 22, 2014, decision of the BIA affirming an April 18, 2013, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Zhang,* No. A087 936 608 (B.I.A. July 22, 2014), *aff'g* No. A087 936 608 (Immig. Ct. N.Y. City Apr. 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications, like Zhang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the adverse credibility determination. The IJ reasonably relied on inconsistencies among Zhang's testimony, asylum application, and credible fear interview. For instance, Zhang testified that, when she was detained, the first day police officers grabbed her hair and slapped her; two days later, officers returned and slapped her, pushed her, and kicked her. Her asylum application, however, did not mention being pushed or kicked, and stated that her treatment was the same on both days. Her explanation for her failure to include being pushed or kicked in her application was that she was young

3

and afraid when she wrote the statement; her explanation for describing the sessions as identical was that they started out the same, but later became different. The agency was not required to accept either explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Further, Zhang testified that she was detained for seven days, but at her credible fear interview stated that she was detained for only one day. She argues that the agency erred in relying on the credible fear interview transcript for this discrepancy. However, the transcript bore sufficient "hallmarks of reliability" for the agency to rely on it: the interview was conducted through a Mandarin interpreter; there was no indication that Zhang had trouble understanding the questions; the transcript was in question and answer format; Zhang declined the opportunity to delay her interview until she could hire an attorney; and she discussed the reasons for her asylum request. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009).

Given the inconsistencies among her testimony, asylum application, and credible fear interview, all of which relate to the sole incident of alleged persecution, substantial evidence supports the agency's adverse

4

credibility determination. *Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). That determination is dispositive of asylum, withholding of removal, and CAT relief, because all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Zhang's argument that the agency failed to consider CAT relief does not warrant remand. As noted above, CAT relief is foreclosed by the adverse credibility determination. *Id.* Moreover, Zhang did not contest the denial of CAT relief before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5